Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC, COMO AGENTE GESTOR DE FAIRWAY ACQUISITIONS FUND, LLC<br><br>Apelante<br><br>v.<br><br>JAVIER R. APONTE BETANCOURT<br><br>Apelado | TA2026AP00490 | APELACIÓN<br>Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN<br><br>Caso Núm.:<br>SJ2022CV06718<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de junio de 2026.

El 13 de mayo de 2025, Island Portfolio Services, LLC (Island Portfolio o apelante), como agente de Fairway Acquisitions Fund, LLC., acudió ante nos mediante *Apelación* y nos solicitó la revocación de la *Sentencia* emitida en la causa de epígrafe el 3 de marzo de 2026, por el Tribunal de Primera Instancia, Sala de Bayamón (TPI o foro primario). Por virtud del aludido dictamen, el TPI declaró Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por el Sr. Javier R. Aponte Betancourt (señor Aponte o apelado). En consecuencia, desestimó sin perjuicio la *Demanda* en cobro de dinero que la apelante instó en contra de este último.

Examinado el expediente judicial y considerados los argumentos de las partes, confirmamos el dictamen apelado.

**-I-**

El 27 de julio de 2022, y al amparo de la Regla 60 de Procedimiento Civil, 362 LPRA Ap. V, la apelante instó contra el señor Aponte una

*Demanda* en cobro de dinero.[1] En síntesis, allí alegó ser una agencia de cobro debidamente licenciada; que la última dirección conocida del apelado era Urb. Crown Hls 138 Ave. Winston Churchill PMB 85 San Juan, PR 00926-6013; que este solicitó al Banco Popular de Puerto Rico que le extendiera un crédito cuyo balance adeudado ascendía a $8,136.46; y, que adquirió mediante cesión todos los derechos, títulos e intereses sobre dicha deuda, la cual no ha sido satisfecha pese a los múltiples requerimientos que se le han hecho. Según Island Portfolio, las gestiones de cobro incluyeron, pero no se limitaron, a llamadas y carta enviada por correo certificado con acuse de recibo, conforme al Art. 17 de la Ley Núm. 143 del 27 de junio de 1968, según enmendada, Ley de Agencias de Cobro, cuya copia anejó con su reclamación.

Tras varios trámites, el 3 de enero de 2023, se emitió la *Notificación y Citación sobre Cobro de Dinero* sobre la vista bajo la Regla 60 dirigida al señor Aponte.[2] Tal audiencia fue pautada para el 8 de febrero de 2023. Durante la misma, la representación legal de la apelante informó que la notificación enviada fue devuelta.[3] Así las cosas, al día siguiente Island Portfolio solicitó autorización para diligenciar personalmente la notificación-citación. Días después, ante esta situación, y en aras de asegurar la adecuada notificación a la parte demandada y garantizar su debido proceso de ley, el foro primario *motu proprio* convirtió los procedimientos al trámite de cobro de dinero ordinario.[4]

Tiempo después, específicamente el 24 de octubre de 2023, el TPI dictó *Orden* mediante la cual concedió 3 días a la apelante para presentar el proyecto de emplazamiento so pena de desestimación sin perjuicio.[5] En

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC TPI), Entrada Núm. 1.

[2] Esta notificación y citación fue dirigida al apelado a su última dirección conocida informada; Urb. Crown Hls 138 Ave Winston Churchill PMB 85 San Juan PR 00926-6013. Véase, SUMAC TPI, Entrada Núm. 4.

[3] Véase *Minuta*, SUMAC TPI Entrada Núm. 6.

[4] *Íd.*, Entradas Núm. 7 y 8, respectivamente.

[5] *Íd.*, Entrada Núm. 11.

cumplimiento con lo ordenado, Island Portfolio presentó *Moción en Cumplimiento de Orden y Solicitud de Traslado,* con la que acompañó el correspondiente proyecto de emplazamiento. Además, informó que tras las gestiones realizadas encontró "la otra dirección de la parte demandada" la que correspondía al Municipio de Guaynabo. Por tanto, peticionó el traslado del caso al tribunal con competencia.[6] Habiéndose trasladado el caso a la Región Judicial de Bayamón el 2 de noviembre de 2023, y luego de varios trámites, el apelado fue finalmente emplazado.[7]

El 30 de abril de 2024, el apelado compareció al caso mediante *Moción de Desestimación* en la que, sin someterse a la jurisdicción, reclamó que la reclamación de epígrafe debía ser desestimada. En primer lugar, reclamó que el pleito inició el 27 de julio de 2022 y que no fue hasta más de un año que la apelante solicitó la expedición del emplazamiento. Además, sostuvo que la apelante incumplió con el Art. 17(13) de la Ley Número 143 del 27 de junio de 1968, mejor conocida como Ley de Agencias de Cobro. Específicamente, aseveró que la dirección a la que la apelante indicó haber enviado gestión de cobro no era su dirección postal desde hacía 10 años y que dicho hecho le era de conocimiento. Por ello, peticionó que, habiéndose incumplido con la disposición legal citada, debía desestimarse la demanda.

El 21 de mayo de 2024, la apelante se opuso a la solicitud de desestimación. Mediante *Orden* dictada el 30 de mayo, notificada el 31, el TPI se negó a desestimar. Habida cuenta de ello, el 13 de junio de 2024, el apelado presentó su *Contestación a Demanda* en la que, en síntesis, negó la mayoría de las alegaciones levantadas en su contra. Además, reprodujo los señalamientos de incumplimiento por parte de la apelante del requisito de requerir por escrito al deudor el pago de lo alegado; esta vez, según

---

[6] *Íd.*, Entrada Núm. 12.

[7] Véase *Moción acreditando emplazamiento personal* presentada por Island Portfolio el 18 de abril de 2024. *Íd.*, Entrada Núm. 19.

dispuesto en el *Reglamento sobre Agencias de Cobro* del 2 de mayo de 2002, Reglamento 6451 del Departamento de Asuntos del Consumidor.

Luego de varias incidencias relacionadas con la renuncia de la representación legal de Island Portfolio y otros asuntos que no son necesarios detallar, el 27 de febrero de 2025, el señor Aponte presentó una *Solicitud de Sentencia Sumaria*. Allí, alegó que en el caso no existía ningún hecho material en controversia que impidiera la disposición sumaria parcial de la controversia; a saber, que entre él y Fairway Acquisitions Funds, LLC (FAF) no existía obligación, negocio, contrato, exigencia, ni cualquier otro instrumento legal que evidencie la obligación y la deuda reclamada. Así pues, solicitó al tribunal que desestimara con perjuicio la demanda por falta de prueba sobre la obligación alegada, sobre la alegada cesión al demandante FAF. Además, debido a que la prueba sometida por dicha parte carecía de confiabilidad sobre su legitimidad, pues parecían ser documentos preparados e impresos sin fecha, sin sello, firmas, membretes ni identificaciones del acreedor original que arrojaban grandes dudas.

A tales efectos, el señor Aponte alegó que no existía controversia sobre 21 hechos. En apoyo de su contención, con su escrito, sometió copia de los 9 documentos; a saber:

1. Contestación a Requerimiento de Producción de Documentos sometido por Island Portfolio en el caso.
2. *Organizational Resolution of Island Portfolio Services, LLC.*
3. Licencia Núm. 146168 expedida a Island Portfolio para dedicarse al negocio de agencias de cobro en Puerto Rico expedida por el DACo.
4. *Deed Number Thirty-Four, Special Power of Attorney*, suscrita por FAF el 8 de octubre de 2021 ante el Notario Público José Antonio Díaz Brugeras.
5. *Bill of Sale and Assignment of Accounts (BPPR)*
6. Detalle de información sobre cuenta a cobrar.
7. Carta sobre aviso de cobro y sobre remitido al señor Aponte por Island Portfolio.
8. Estado de cuenta al 03/01/2021 remitido al apelante por el BPPR.
9. Primary Collection Data al 01/21/21.

En respuesta a la solicitud de sentencia sumaria sometida por el apelado, el 20 de marzo de 2025, Island Portfolio presentó *Moción en*

*Oposición a Solicitud de Sentencia Sumaria de la parte demandada*. En esa, en primer lugar, aseveró que cualquier planteamiento de incumplimiento con el requisito de remitir un aviso de cobro por escrito constituía cosa juzgada pues, luego de haberse denegado la solicitud de desestimación que el apelante sometió, este no acudió en revisión judicial de dicha determinación. De otra parte, aseveró que no existía controversia alguna, entre otras cosas, de que el apelante solicitó al BPPR la extensión de una línea de crédito, que este dejó de realizar pagos sobre la obligación contraída, que el balance transferido a FAF era de $8,136.46, que FAF contrató sus servicios como agencia de cobro y agente gestor cuyos expedientes establecían que el balance adeudado era dicha cantidad, que previo a la radicación de la demanda se le remitió una carta de aviso de cobro que fue recibida en la última dirección conocida y que la deuda estaba vencida y era una suma líquida y exigible.[8]

Evaluados ambos escritos, el 4 de marzo de 2026, el TPI dictó la *Sentencia* apelada. Allí formuló las siguientes determinaciones de hechos:

1. La parte demandada solicitó con Banco Popular de Puerto Rico, que le extendiera un crédito mediante una cuenta de Tarjeta de Crédito, cuyo número de cuenta era: 4549002199184835.

2. Fairway Acquisitions Fund, LLC adquirió mediante cesión los derechos, títulos e intereses sobre la cuenta número 4549002199184835, mediante el documento titulado "Bill of Sale and Assignment of Accounts" anejado a la demanda, con fecha del 21 de enero de 2021.

3. Como partes de los documentos de la referida transacción, Banco Popular le proveyó a Fairway Adquisitions Fund, LLC el documento identificado como "Bills of Sale Excerpt (Seller Data)", el cual contiene la información personal del deudor. En el referido documento relacionado con la cuenta 4549002199184835, se indica que la dirección del deudor Javier R. Aponte Betancourt era Urb. Torrimar, 17-6, Calle Granada, Guaynabo, Puerto Rico 00966-3117.

4. Del estado de cuenta de Banco Popular de Puerto Rico para la cuenta 4549002199184835, con fecha de pago de 25 de abril de 2021, se desprende la siguiente dirección postal del demandado: PMB 616, 1353 Ave. Luis Vigoreaux, Guaynabo, PR 00966

---

[8] Con su oposición, Island Portfolio en síntesis sometió copia de los mismos documentos que el apelado acompañó con su solicitud de sentencia sumaria, más una Declaración Jurada suscrita por Kelvin Manuel Rosa Vélez, representante de la apelante.

5. Island Portfolio Services (IPS) es una agencia de cobro al amparo de la Ley Núm. 143 de 27 de junio de 1968, según enmendada, conocida como la Ley de Agencias de Cobro y es agente de cobro y representante autorizado de Fairway Acquisitions Fund, LLC en el presente proceso de cobro.

6. Previo a la presentación de la demanda de epígrafe, con fecha del 14 de abril de 2022, la demandante Island Portfolio Services (IPS) como agente de Fairway Acquisitions Fund, LLC, envió un aviso de cobro al demandado a la siguiente dirección: Urb Crown Hills, 138 Ave. Winston Churchill PMB 85, San Juan, PR 00926. Además, en la Demanda alegó que esa era la última dirección conocida del demandado y alegó haber cumplido con la Ley Núm. 143 del 27 de junio de 1968, según enmendada, Ley de Agencias de Cobro.

7. La parte demandante conocía desde el 2021 que la dirección física de la parte demandante es una distinta a la que fue notificado de la alegada deuda, como requisito que impone la Ley Núm. 143 de 27 de junio de 1968, según enmendada, conocida como la Ley de Agencias de Cobro, mediante carta por correo certificado enviada el 15 de abril de 2022.

Basándose en estas determinaciones de hechos, el foro primario dictaminó que se desprendía de la prueba documental sometida por la apelante al oponerse a la solicitud de sentencia sumaria que para el 21 de enero de 2021 y el 25 de abril de 2021 ya surgía de los récords de la cuenta provistos por el acreedor original direcciones del demandado distintas a aquella a la que remitió la carta de aviso de cobro. Por tanto, estas eran realmente las últimas direcciones conocidas del señor Aponte y no aquella a la que dirigió la gestión de cobro.

Basándose en esto, el foro primario concluyó que el aviso de cobro enviado por Island Portfolio el 15 de abril de 2022, no constituyó una notificación adecuada a la última dirección conocida según requiere la Ley de Agencias de Cobro previo a instarse una reclamación judicial. Concluyó que, por tal razón, la apelante estaba impedida de presentar la acción judicial de epígrafe y, en consecuencia, carecía de jurisdicción para atenderla en sus méritos, debiéndose desestimar sin perjuicio la misma. Además, al considerar el trámite del caso, ultimó que la insistencia de Island Portfolio en proseguir con el mismo pese a que la omisión que daba lugar a la desestimación era de fácil corroboración, justificaba la imposición de

honorarios por temeridad. Por consiguiente, declaró ha lugar la solicitud de sentencia sumaria sometida por el apelado, desestimó sin perjuicio la demanda de epígrafe y le impuso a la apelante el pago de las cosas, gastos y $750.00 en honorarios de abogado.[9]

En desacuerdo con lo resuelto, el 19 de marzo de 2026, Island Portfolio solicitó reconsideración de la *Sentencia*. Habiéndosele concedido término al apelado para oponerse, este así lo hizo el 31 de marzo del año en curso. Mediante *Resolución* emitida el 12 de abril de 2026, el TPI declaró NO Ha Lugar la reconsideración. Inconforme aun, la apelante instó el recurso de epígrafe y señaló la comisión de los siguientes errores:

Primer Señalamiento de error:

Incidió el Tribunal de Primera Instancia en abuso de su discreción y realizó un error manifiesto en Derecho, tras aplicar incorrectamente el derecho esbozado en el Código Civil al aceptar siete (7) exhibits en evidencia y no darles ningún valor probatorio.

Segundo Señalamiento de error:

Incidió en error el Tribunal de Primera Instancia al declarar Sin Lugar la Moción de Reconsideración sin que la parte demandante-apelante incumpliera con las especificaciones de la Regla 47 de Procedimiento Civil.

Tercer Señalamiento de error:

Incidió el Honorable Tribunal de Primera Instancia en abuso de su discreción y realizó un error manifiesto en Derecho. Al aplicar incorrectamente el Derecho esbozado en la Ley de Agencias de Cobro dado a que el envío de la carta es un requisito jurisdiccional sobre la persona, por lo cual, no hubo temeridad de la parte demandante-apelante dado a que el TPI resolvió que la Carta fue enviada conforme a Derecho mediante Orden el 31 de mayo de 2024 [Véase entrada 24 de SUMAC] y el demandado-apelado se sometió con sus actos a la jurisdicción voluntariamente y erró al imponernos $750.00 en honorarios de abogado por temeridad en la Sentencia.

Atendido el recurso, el 15 de mayo de este año emitimos *Resolución* mediante la que le ordenamos al apelado a comparecer dentro del término reglamentario aplicable para exponer su posición. Al así hacer, le advertimos que, de no cumplir, procederíamos sin el beneficio de su comparecencia. El plazo disponible para que el señor Aponte se exprese ha

---

[9] *Íd.*, Entrada Núm. 66.

vencido sin que así lo haya hecho. Por tanto, damos sometido el asunto sin el beneficio de su comparecencia y procedemos a resolverlo, no sin antes exponer la normativa vigente aplicable a la controversia.

**-II-**

*A.*

El mecanismo procesal de la sentencia sumaria establecido por la Regla 36 de Procedimiento Civil, tiene el propósito principal de facilitar la solución justa, rápida y económica de los litigios en los que no existen controversias genuinas de hechos materiales y, por consiguiente, resulta innecesaria la celebración de un juicio en su fondo. *Conklin v. Passalacqua*, 2026 TSPR 18, 217 DPR ____; *Negrón Castro y otros v. Soler Bernardini, et al.*, 2025 TSPR 96, 216 DPR ___, al citar a *BPPR v. Zorrilla y otro,* 214 DPR 329, 338 (2024). El discutido mecanismo emana de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, y permite que cualquiera de las partes en un litigio solicite que el tribunal dicte sentencia por la vía sumaria a su favor, ya sea sobre la totalidad o cualquier parte de la reclamación solicitada. Sólo procede dictar sentencia sumaria cuando surge de manera clara que la parte promovida por la solicitud no prevalecerá bajo ningún supuesto de hechos. *Conklin v. Passalacqua*, *supra,* al mencionar a *Nieves Díaz v. González* Massas, 178 DPR 820, 848 (2010). Esto, pues si hay una disputa real y sustancial sobre la existencia de algún hecho material, el tribunal se debe apartar de la adjudicación sumaria. *Íd.*[10] Así pues, una moción de sentencia sumaria no procederá cuando: (1) existan controversias de hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) no proceda como cuestión de derecho. *Íd.*

---

[10] A tales efectos, se consideran hechos materiales aquellos que potencialmente puedan afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Conklin v. Passalacqua*, *supra*, al citar a *Bobé et al. v. UBS Financial Services*, 198 DPR 6 (2017).

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, establece el contenido y los requisitos de forma que deben observarse, tanto en la solicitud de sentencia sumaria presentada por la parte promovente, como en la oposición que pueda presentar la parte promovida. *León Torres v. Rivera Lebrón*, 204 DPR 20, 43 (2020). Así pues, conforme el inciso (e) de la aludida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y pertinente.[11] Para que un tribunal dicte sentencia sumaria a favor del promovente, ésta deberá, además, justificarse por el derecho aplicable. *CSM v. ELA*, 2025 TSPR 78, 216 DPR _____, al mencionar a *Oriental Bank v. Caballero García*, 212 DPR 671, 679 (2023).

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos nos encontramos en la misma posición que el foro primario al evaluar la procedencia de una sentencia sumaria. *Conklin v. Passalacqua, supra.* Al ser así, estamos llamados a examinar el expediente *de novo* y verificar que las partes cumplieron con las exigencias pautadas por la Regla 36.3 de Procedimiento Civil, *supra. Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010 (2020). Para ello, es indispensable que analicemos tanto los documentos que se acompañan con la solicitud como los documentos en oposición para determinar si existe o no controversia de hechos. Si se concluye que los hechos materiales están incontrovertidos, entonces corresponde revisar si el foro primario aplicó correctamente el derecho. Claro está, debemos recordar que no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI, ni adjudicar los hechos materiales en controversia, por ser una tarea que le compete al foro de instancia luego de celebrarse un juicio. *Meléndez González*

---

[11] 32 LPRA Ap. V, R. 36.3(e).

*et al. v. M. Cuebas, supra,* pág. 118. Cabe destacar que, en el caso en que no existan hechos materiales en controversia, este Foro procederá a revisar *de novo* si el TPI aplicó correctamente el Derecho. *Negrón Castro y otros v. Soler Bernardini, et al., supra,* al mencionar a *Fernández-Bernal v. RAD-MAN et al., supra*, pág. 338 y *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019).

*B.*

La Ley de Agencias de Cobro tiene el propósito de reglamentar las agencias de cobro. A tales fines, para operar una agencia de cobro debe contarse con una licencia expedida por el Estado. 10 LPRA Sec. 981c.

En lo concerniente, el discutido estatuto lista las prácticas prohibidas a las agencias de cobro. Entre estas, se encuentra el que ésas no podrán [r]adicar acción judicial en cobro de dinero sin antes haber requerido por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo." Por ello, según la propia ley establece, ningún tribunal podrá asumir jurisdicción en una acción de cobro de dinero tramita por una agencia de cobro sin que se alegue y se prueba el cumplimiento de este requisito.[12]

Cabe destacar que con el propósito de reglamentar las agencias de cobro, entre otros, el DACo aprobó el Reglamento 6451. Este, al igual que la Ley de Agencias de Cobro enumera ciertas prácticas que le son prohibidas a estas entidades. Así, la Regla 16 del Reglamento 6451 establece que las agencias de cobro no podrán, entre otras cosas, "[r]adicar acción judicial en cobro de dinero sin antes haber requerido por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo." De igual manera, allí dispone que ningún tribunal podrá asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobro sin que se pruebe el cumplimiento de este requisito.

---

[12] 10 LPRA Sec. 981p (17).

*C.*

La doctrina de la cosa juzgada aplica cuando existe una primera sentencia válida; que adjudicó la controversia en sus méritos; que advino final y firme; con la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron; y que el remedio solicitado sea análogo al previamente reclamado. *Figueroa Santiago et al. v. ELA*, 207 DPR 923, 933 (2021). La referida doctrina responde tanto al interés del Estado a que se les ponga fin a los litigios para que así no se eternicen las cuestiones judiciales, como a la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654-655 (2013). También tiene el efecto de evitar que, en un pleito posterior, se litiguen nuevamente, entre las mismas partes y sobre las mismas cosas y causas de acción, las controversias que ya fueron o pudieron haber sido litigadas y adjudicadas en un pleito anterior. *Presidential v. Transcaribe*, 186 DPR 263, 273 (2012).

Por su parte, es doctrina reiterada en nuestro sistema de derecho que "[l]os derechos y obligaciones adjudicadas en el ámbito judicial, mediante dictamen firma, constituyen la ley del caso" *Mgmt. Adm. Serv. Corp. v. ELA*, 152 DPR 599, 606-607 (2000). O sea que, de ordinario, los planteamientos que han sido objeto de adjudicación por el foro de instancia no pueden examinarse. *Id.* Mas que un mandato invariable o inflexible, la doctrina recoge una costumbre deseable: que las controversias sometidas, litigadas y decididas por un tribunal dentro de un pleito deban respetarse como finales. *Íd.*, págs. 607-608 al citar a *Dictograph Products Company v. Sonotone Corporation*, 230 F.2d F.2d 131 (2do Cir. 1956).

Ahora bien, la doctrina de la ley del caso es una **al servicio de la justicia, no la injusticia; no es férrea ni de aplicación absoluta.** Por el contrario, es descartable si conduce a resultados **<u>manifiestamente injustos.</u>** *Mgmt. Adm. Serv. Corp. v. ELA*, *supra,* al citar a *Noriega v. Gobernador*, 130

DPR 919, 931 (1992). Por ello, si el tribunal entiende que la ley del caso establecida es errónea y que puede causar una grave injusticia, puede aplicar una norma de derecho diferente a fin de resolver de forma justa. *Id.*

### D.

La Regla 44.1(d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(d), autoriza a los tribunales a imponer el pago de honorario de abogados a aquella parte o su abogado que haya actuado con temeridad o frivolidad en el trámite de un procedimiento judicial. Esta regla, tiene como propósito "establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010) y casos allí citados.

La determinación de si se ha incurrido o no en temeridad es un asunto que recae en la discreción del tribunal y el estándar de revisión aplicable es el de claro abuso de discreción. *Consejo de Titulares del Condominio Playa Azul II v MAPFRE PRAICO Insurance Company*, 2024 TSPR 140, 215 DPR __ al citar a *Santiago v. Sup. Grande*, 166 DPR 796, 820-821 (2006).

### -III-

Como ya indicamos, la apelante señaló la comisión de 3 errores. En el primero de estos, sostiene que el foro primario aplicó incorrectamente la figura jurídica relativa al requerimiento de pago estatuida en el Artículo 17 de la Ley de Agencias de Cobro, pues no puede quedar al arbitrio del deudor el recibo de la misiva. Al discutirlo, asevera que, contrario a lo que dictaminó el TPI, sí cumplió con el requerimiento del aludido estatuto y a tales efectos, tras hacer alusión de forma persuasiva a varias decisiones de este Tribunal de Apelaciones, reclama que el comprobante electrónico del USPS es evidencia de que se remitió un aviso de cobro por correo

certificado. Además, señala que la Ley de Agencias de Cobro no condiciona el recibo físico de la carta, así como la lectura de su contenido por el deudor, para que una agencia de cobro pueda iniciar el procedimiento judicial al amparo de la Regla 60, *supra.* Añade que, pretender lo contrario, dejaría al arbitrio del deudor que pueda someterse una demanda en su contra. Seguidamente, y en cuanto a este error, reclama que en todo caso no procedía desestimar la demanda, pues el TPI adquirió jurisdicción *in personam* sobre el apelado, pues este se sometió voluntariamente ante este. Al amparo de estos argumentos, afirma que la decisión apelada debe ser revocada. No tiene razón.

En primer lugar, es menester señalar que, si bien el señor Aponte compareció ante el tribunal, tanto al solicitar inicialmente la desestimación de la demanda, como al contestarla e inclusive luego al someter su moción de sentencia sumaria, este reclamó e insistió en la falta de jurisdicción del tribunal por razón del incumplimiento por parte de la apelante con el requisito jurisdiccional de remitir un requerimiento de pago adecuado. La Ley de Agencia claramente establece que no podrá interponerse una reclamación judicial sin cumplir con tal requisito. Ello implica que al momento en que Island Portfolio radicó la *Demanda* el TPI carecía de jurisdicción para atender el caso.

La ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que le ha sido conferida a los tribunales para atender en los méritos una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 387 (2020). Por lo tanto, la mera comparecencia del apelado no subsanó el incumplimiento de Island Portfolio con la Ley de Agencias de Cobra.

De otra parte, es importante destacar que los planteamientos de la apelante no atienden las razones específicas por las cuales el foro primario decretó la desestimación apelada. Como arriba consignamos, al evaluar la

solicitud de sentencia sumaria instada por el apelado, así como la correspondiente oposición que frente a estas interpeló Island Portfolio, el foro primario destacó que la propia documentación sometida por la apelante dejaba ver que el requerimiento de pago efectuado por Island Portfolio **no fue enviado a la última dirección conocida del señor Aponte**. Ello así, pues los documentos que acompañaron su oposición revelaban que de los récords de la cuenta provistos por el BPPR como acreedor original surgían direcciones distintas a las que la apelante le remitió la carta de cobro. Entiéndase pues, el incumplimiento decretado en el caso de autos con las disposiciones de la Ley de Agencias de Cobro respondió a que el requerimiento de pago en el caso le fue enviado al apelado a una dirección distinta a aquella última conocida por el acreedor original y no porque existiera duda de que esta la haya recibido.

Sabido es que la notificación adecuada es uno de los componentes básicos de un debido proceso de ley. *Com. Elect. PPD v. CEE, et al.*, 205 DPR 724, 743 (2020). Como componentes básicos del debido proceso de ley, se ha identificado la notificación adecuada y la oportunidad de ser escuchado y defenderse. *Id.*, pág. 744. La última dirección que aparece en el expediente es una razonablemente calculada, con arreglo a las particularidades de las circunstancias a las que se puede cursar una notificación de modo que se salvaguarde el debido proceso de ley. *Colón Vega v. Díaz Lebrón*, 211 DPR 548, (2023). En vista de ello, el análisis efectuado por el TPI sobre las circunstancias que circunscriben la notificación efectuada por la apelante en el caso de autos de una adecuada. Coincidimos con su apreciación en cuanto a que para que se tenga por cumplido el requerimiento de pago que exige la Ley de Agencias de Cobro previo a instarse una reclamación judicial, dicha misiva debe ser remitida a la última dirección conocida del deudor. Siendo ello así, el primer erro no fue cometido.

Igual conclusión alcanzamos en cuanto al segundo señalamiento de error levantado por la apelante. En este, Island Portfolio asevera que el TPI abusó de su discreción y cometió un error manifiesto de Derecho pues su decisión es contraria a la doctrina de cosa juzgada. Específicamente, discute que en la causa de epígrafe el demandado solicitó la falta de jurisdicción sobre la persona y el foro primario declaró dicha solicitud No Ha Lugar.

Como arriba citamos, la ley del caso no es férrea, ni de aplicación absoluta. Por el contrario, la misma es descartable si conduce a resultados **manifiestamente injustos.**

Al examinar minuciosamente la decisión apelada estamos seguros de que en el pleito de epígrafe, una vez el foro primario tuvo ante su consideración la documentación sometida en apoyo y oposición a la solicitud de sentencia sumaria, quedó convencido de que contrario a lo que anteriormente había resuelto, el aviso de cobro remitido por Island Portfolio no cumplió con las disposiciones de la Ley de Agencias de Cobro. Ello, por no haberse remitido dicho requerimiento a la última dirección conocida del apelado. Ante esta verdad, resolvió que en efecto procedía desestimar la *Demanda* por falta de jurisdicción. Habida cuenta de ello, no encontramos abuso de discreción ni error alguno en esta decisión, por lo que no intervendremos con la misma.

Procedemos entonces a atender el tercer y último señalamiento de error de la apelante en el que sostiene que la determinación de temeridad y consecuente imposición de honorarios de abogado constituyó un abuso de discreción y error manifiesto de derecho. Sobre este particular, enuncia que no se le puede imponer temeridad cuando resulta evidente del tracto procesal que actuó conforme la ley del caso y la rectitud de las determinaciones del tribunal.

Según mencionamos, la determinación de si se ha incurrido o no en temeridad es un asunto que recae en la discreción del tribunal y el estándar

de revisión aplicable es el de claro abuso de discreción. La apelante no ha demostrado que el foro primario haya incurrido en abuso de discreción al encontrarle temerario e imponerle honorarios de abogado por insistir en radicar el mismo pleito contra la apelada. Nada en el expediente sugiere que no fue hasta luego de iniciado el pleito que tuvo conocimiento de la última dirección del apelado. Por el contrario, y como señaló el foro primario en la decisión apelada, el legajo demuestra que esta surgía de los propios récords provista a Island Portfolio por el acreedor original. En virtud de esto y todo lo demás aquí consignamos, resolvemos que ninguno de los errores señalados por la apelante fue cometido.

-IV-

Por todos los fundamentos aquí esbozados, confirmamos la sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones